IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PATRICIA ANN GARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | _____ |
| BRIDGECREST CREDIT COMPANY, LLC, | ) ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, Plaintiff, and respectfully shows as follows.

### COUNT ONE

1.

This is an action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq.

2.

This Court has subject matter jurisdiction of the case under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

1

3.

Plaintiff is a natural person living in the Northern District of Georgia. She originally purchased a vehicle from Drivetime Car Sales Company, LLC for personal, family, and household purposes.

4.

Defendant is subject to the jurisdiction of the Court and does business in this District. Defendant may be served by serving Corporation Service Company, 40 Technology Parkway South # 300, Norcross, GA 30092.

5.

On January 22, 2016, plaintiff entered into a modification agreement which extended her original contract to May 2, 2020.

6.

On July 22, 2020, Plaintiff was informed by Defendant that even though she had made all her payments that she was still indebted in the amount of $4,310.00.

7.

Plaintiff so informed Defendant on July 20, 2020. A true and correct copy of her letter is attached as Exhibit A.

8.

Defendant made no response except for Exhibit B and continued to try to collect the same.

9.

On August 22, 2020 Plaintiff sent Defendant another letter. A true and correct copy of her letter is attached as Exhibit C.

10.

It its actions, Defendant has violated the Fair Debt Collection Practice Act, by:

a) falsely representing the character, amount, or legal status of her debt in violation of 15 U.S.C. § 1692e (2) (A);

b) threatening to communicate to a credit bureau false credit information, including the failure to communicate that her debt is disputed in violation 15 U.S.C. § 1692e (8);

c) continuing to contact her after she was represented by the undersigned in violation of 15 U.S.C. § 1692e (2);

d) attempting to collect a debt which was not expressly authorized by the original sale contract by law, in violation of 15 U.S.C. § 1692f (1).

11.

Plaintiff has suffered damages of $100,000.00 including emotional distress.

12.

Plaintiff is entitled to statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k.

13.

Plaintiff is entitled to reasonable attorney fees.

COUNT TWO

14.

Paragraphs 1-11 are realleged as though fully set out. The violations alleged at paragraph 10 are per se violations of the Georgia Fair Business Practices Act.

15.

Because Defendant acted willfully, the damages sought should be trebled.

16.

Because Defendant acted with intent to injure, and maliciously, Plaintiff is entitled to punitive damages in the amount of 100,000.00

17.

Plaintiff is entitled to reasonable attorney fees.

WHEREFORE, Plaintiff prays,

1. For damages and fees as set out above;

2. For punitive damages in the amount of $100,000.00;

3. For reasonable attorney fees;

4. For jury trial;

5. For such other and further relief as is just and proper.

Respectfully submitted,

/s/ Ralph Goldberg
Ralph Goldberg
Georgia Bar No. 299475
Attorney for Plaintiff

**Goldberg & Cuvillier, P.C.**
3469 Lawrenceville Hwy., Suite 102
Tucker, GA 30084
(770) 670-7343
(770) 670-7344 FAX
attorneygoldberg@hotmail.com